IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Rodney C. Bates, # 132951,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Ofc. J. Quinn and Sgt. Cozzoli,<br><br>　　　　　　　　Defendants. | Civil Action No. 6:15-3705-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　The plaintiff is a detainee at the Greenville County Detention Center in Greenville, South Carolina. The two defendants are guards at the Greenville County Detention Center. The above-captioned civil rights action arises out of the destruction of "kosher tags" provided to the plaintiff and other detainees (doc. 1 at 3–4). The plaintiff alleges that the two defendants destroyed the kosher tags to eliminate evidence that the detention center was not providing kosher food to its detainees (*id*.). In prayer for relief the plaintiff seeks: (1) an investigation into the Greenville County Detention Center and its staff; (2) the arrest of Officer Quinn for destroying evidence; (3) the loss of "any and all federal money" by the Greenville County Detention Center until "they comply with every religion and set in place safeguards against the employees violating" the right of citizens and inmates; and (4) that the federal government "Look our way!" (*id*. at 5).

　　　　Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro*

*se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

A prison's or detention center's failure to accommodate religious beliefs of inmates may be the subject of an action for injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc through 2000cc-5, which was held by the Court of Appeals to be constitutional in *Madison v. Riter*, 355 F. 3d 310 (4th Cir. 2003); *see also Couch v. Jabe*, 679 F.3d 197, 203–04 (4th Cir. 2012). Even so, the relief requested by the plaintiff in this case cannot be granted.

The plaintiff does not have standing to see a state or federal investigation or criminal charges with respect to the Greenville County Detention Centers, its officials, or its employees. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R. S. v. Richard D.* and collecting cases); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which arose in South Carolina. Moreover, in its opinion in *Leeke*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See Leeke*, 454 U.S. at 87 n. 2 (citing *State v. Addison*, 2 S.C. 356, 364 (1871) ("Save for the just and proper vindication of the law, no one has an interest in the conviction of the prisoner. The prosecuting officer speaks for the State, and, if the motion is to be made for the removal of the trial on behalf of the State, it should be by him, and induced by his judgment. He is responsible for all errors in the official discharge of his duty, and he must be uncontrolled in the exercise of it.")). Since the plaintiff does not have standing to seek a criminal

investigation or criminal charges, such relief requested by the plaintiff cannot be granted in the above-captioned case.

The plaintiff's request that federal funds be withheld from the Greenville County Detention Center is not ripe because it can be judicially noticed that the United States Marshals Service in the Upstate region of South Carolina houses federal prisoners at other detention centers.  *Ostergren v. Cuccinelli*, 615 F.3d 263, 287–88 (4th Cir. 2010). In any event, the plaintiff, who is not a federal prisoner, cannot "represent" other inmates at the Greenville County Detention Center.  *See Inmates v. Sheriff Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).  Also, longstanding circuit case law prohibit federal court interference in the appropriations process of state and local governments. *South Carolina Education Ass'n v. Campbell*, 883 F.2d 1251, 1257–59 (4th Cir. 1989).  Finally, this federal court cannot "fire" the two defendants. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

September 22, 2015                                          s/ Kevin F. McDonald
Greenville, South Carolina                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).